Michael L. Turrill (SBN 185263)
Michael.turrill@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
TEL: (310) 785-4600
FAX: (310) 785-4601

Attorney for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

VICTORIA BERGHUIS, and MARGIE M. JORDON, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

FORD MOTOR COMPANY, INC., and DOES 1 through 10,

Defendants.

Case No. ______

**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**

(San Joaquin County Superior Court Case No. STK-CV-UBC-2021-0010957)

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1453, Defendant Ford Motor Company ("Ford") hereby invokes this Court's subject-matter jurisdiction and removes the state court action described below from the Superior Court of the State of California, County of San Joaquin. The basis for removal is as follows:

1. This is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005), codified at 28 U.S.C. § 1332(d), and is one which may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

2. Plaintiffs filed a putative class action First Amended Complaint on January 24, 2022 in an action styled Victoria Berghuis, and Margie M. Jordon, on behalf of themselves and others similarly situated v. Ford Motor Company, Inc., and Does 1 through 10, Case No. STK-CV-UBC-2021-0010957, in the Superior Court of the State of California, County of San Joaquin. The First Amended Complaint ("FAC") names Ford as the defendant, see FAC ¶ 13 (attached as Exhibit A), and alleges that Ford fails to properly identify and pay for repairs and replacement of transmissions in Ford brand Partial Zero Emissions Vehicles and Super Ultra Low Emissions Vehicles that received .2 Zero Emissions Credit from the California Air Resources Board ("PZEVs") that should allegedly be covered for 15-years or 150,000-miles, see id. ¶¶ 1, 31.

**DIVERSITY JURISDICTION UNDER CAFA**

3. Enacted to expand federal diversity jurisdiction over purported class actions, CAFA provides that a class action may be removed in accordance with 28 U.S.C. § 1446 if: (a) membership in the putative class is not less than 100; (b) any member of the putative plaintiff class is a citizen of a foreign country or a state

different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1453(b), 1332(d).

4. CAFA's first requirement—that the putative class's membership be no less than 100, *see* 28 U.S.C. § 1332(d)(5)(B)—is satisfied here. This putative class action is brought on behalf of "[a]ll persons in the State of California who have been owners or lessees of Class Vehicles and who have paid for repairs and parts pertaining to defective transmissions that should have been covered under the 15-years or 150,000-mile California Emissions Warranty (the 'Class')." FAC ¶ 45. The FAC alleges that "the Class is estimated to be greater than one hundred (100) individuals[.]" *Id.* ¶ 47.

5. CAFA's second requirement—that any one member of the purported class be a citizen of a state different from any defendant, *see* 28 U.S.C. § 1332(d)(2)(A)—is satisfied here. Ford is incorporated under the laws of the state of Delaware and its principal place of business is in Michigan. *See* FAC ¶ 13. Thus, Ford is not a citizen of California, whereas Plaintiffs are. *See id.* ¶¶ 11–12. The putative class also includes citizens of California. *See id.* ¶ 45 (limiting class to "persons in California"). Therefore, minimal diversity exists.

6. CAFA's third requirement—that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, *see* 28 U.S.C. § 1332(d)(2)—is satisfied. Ford disputes that it owes any type of damages, and it disputes each and every asserted remedy or theory of recovery that the FAC advances. Nevertheless, it is evident that Plaintiffs place greater than $5,000,000 at issue here. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." (citation omitted)).

A. "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in

controversy exceeds the jurisdictional minimum." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). When performing this calculation, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000[.]" 28 U.S.C. § 1332(d)(6).

B. Among other forms of relief, the FAC seeks an order compelling Ford to reimburse both Plaintiffs and putative class members for transmission repair costs that, according to the FAC, were wrongfully charged. *See* FAC Prayer for Relief ¶ 4; *see also* FAC Prayer for Relief ¶ 6 (requesting an award to Plaintiffs and class members of "any repair costs they are owed"). Thus, at minimum, Plaintiffs have placed at issue the total amount of the costs relating to the transmission repairs at issue.

C. For model years 2014–2017, approximately 91,213 Ford PZEVs were sold (as new vehicles) to California dealers and received .2 Zero Emissions Credit from CARB. *See* Declaration of Mathew Fyie ("Fyie Decl.") ¶ 6. For purposes of removal, Plaintiffs have put at stake the costs of transmission repairs for these vehicles because their owners or lessees all are potential putative class members. This remains true despite the purported limitation in the class definition to only injured persons, thus demanding "a fact-specific inquiry into whether the rights of each and every potential class member were violated"—improperly accelerating to the removal stage "the ultimate question the litigation presents[.]" *See Helm v. Alderwoods Grp., Inc.*, No. C 08-01184-SI, 2008 WL 2002511, at *5 (N.D. Cal. May 7, 2008) (denying plaintiffs' motion to remand and explaining that "defendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of . . . violations did indeed occur"); *see also Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325 FCD-EFB, 2007 WL 1302504, at *4–5 (E.D. Cal. May 1, 2007) (rejecting plaintiff's argument that proper removal requires defendant

"to produce documents setting forth the precise number of employees in each putative class or subclass alleged and the precise calculation of damages alleged" because "[t]here is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation"); *Rhinehart v. Genworth Life & Annuity Ins. Co.*, No. 1:18-CV-01391-LJO-SAB, 2019 WL 295770, at *5 (E.D. Cal. Jan. 23, 2019) (denying plaintiff's motion to remand and explaining that "[i]n estimating the amount in controversy, Defendant is not required to make a prospective assessment of its own liability, or research, state, and prove Plaintiff's claim for damages").

D. Plaintiffs allege that in 2017, a Ford Authorized repair facility quoted $4,762 plus tax to repair Plaintiff Jordon's transmission. *See* FAC ¶¶ 21–23. The FAC also alleges that Plaintiffs' claims are typical of the claims of all putative class members. *See* FAC ¶ 48 ("Plaintiffs' claims are typical of the claims of all Class members . . . .). The court reasonably can infer that the FAC puts at issue transmission repair costs of $4,762 plus tax for the putative class members.[1] *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) ("An assumption may be reasonable if it is founded on the allegations of the complaint."); *see also Rhinehart*, 2019 WL 295770, at *5 (concluding that "Defendant's chain of reasoning" for an assumption support the amount in controversy calculation "is reasonable and is supported by allegations in the complaint and the supplemental declaration"). Even if the amount in controversy calculation includes only potential putative class members with vehicles from model years 2014–2017, that sum is approximately $434.3 million.[2] And the

---

[1] The FAC alleges that, on a subsequent visit by Plaintiff Jordon to the dealer, the dealer covered a portion of the repair costs for reasons that the FAC fails to specify. *See* FAC ¶ 23. But the FAC nowhere alleges that putative class members will enjoy the same outcome.

[2] $434,356,306 = (91,213 model year 2014–2017 California PZEV vehicles * $4,762 alleged pre-tax cost of transmission repair).

diagnostic fees that Plaintiffs allegedly paid put another approximately $9,121,300 at issue.[3] *See* FAC ¶ 22 (alleging a $100 diagnostic fee); FAC ¶ 18 (alleging a $180 diagnostic fee).

E. In the alternative, Ford adequately demonstrates a sufficient amount in controversy in a second way: with reasonable assumptions based on evidence regarding vehicle sales and warranty data. The evidence demonstrates that the $5 million jurisdictional minimum will be met on the basis of even a small percentage of transmissions in the vehicles at issue requiring repair or replacement after the other warranties expire but before the vehicle surpasses the first of 15-years or 150,000 miles. *See* Fyie Decl. ¶ 9 (projecting, based upon data and experience, that greater than 0.3 percent per year of transmissions in model years 2014–2017 Ford Fusion and Ford Focus PZEV vehicles would more than likely require repair or replacement during the time period between (a) the expiration of the later of the Powertrain Warranty and any Hybrid and Electric Vehicle Warranty and (b) 15-years or 150,000-miles). Applying that minimum warranty rate to the model year 2014–2017 subset of potential class vehicles alone results in an amount in controversy exceeding $6.5 million—surpassing CAFA's requirement.[4] And this qualifying sum reflects just one of Plaintiffs' numerous requests for relief.

F. The foregoing analysis is limited to four model years (2014-2017), whereas there are approximately an additional 178,018 Ford PZEV vehicles that received .2 Zero Emissions Credit from CARB in prior model years. Once these additional vehicles are considered, the estimated amount at issue is much greater. For this additional reason, the evidence demonstrates that the $5 million jurisdictional minimum has been met.

G. The FAC also seeks additional relief. Plaintiffs request an order

---

[3] $9,121,300 = (91,213 model year 2014–2017 California PZEV vehicles * $100 alleged cost of transmission repair diagnostic fee).

[4] $6,515,344.59 = (91,213 model year 2014–2017 California PZEV vehicles * .3% per year * 5 years * $4,762.00 alleged pre-tax cost of transmission repair).

compelling Ford to "properly and fully identify that the transmissions are covered pursuant to the California Emissions Warranty[.]" FAC Prayer for Relief ¶ 4. Where the object of an action is declaratory or injunctive relief, the "costs of compliance are properly considered in computing the amount in controversy." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *accord Anderson v. Seaworld Parks & Ent., Inc.*, 132 F. Supp. 3d 1156, 1161 (N.D. Cal. 2015) ("The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant.").

H. The FAC further seeks a declaration that Ford must disgorge "all or part of the ill-gotten profits it received as a result of the wrongful conduct" that Plaintiffs allege. FAC Prayer for Relief ¶ 7. The nub of Plaintiffs' case is that Ford benefits financially by wrongfully avoiding the costs of repairing transmissions. *See id.* ¶ 40 (alleging that Ford acts "in an effort to reduce the amount of money that Ford spends on warranty-related repairs"). Thus, Plaintiffs have placed at issue the amount of profits that Ford allegedly received by avoiding the costs of repairing transmissions supposedly covered under the California Emission Control System Warranty.

I. Plaintiffs have placed at issue an amount well above CAFA's amount-in-controversy threshold. And beyond Plaintiffs' requests for reimbursement of transmission repair costs, disgorgement of Ford's alleged profits from warranty cost-savings, and injunctive relief, Plaintiffs also seek attorneys' fees and costs, *see* FAC Prayer for Relief ¶¶ 9–10, that may be considered, *see Tompkins v. Basic Rsch. LLC*, No. S-08-244, 2008 WL 1808316 LKK/DAD, at *4 (E.D. Cal. Apr. 22, 2008) (including attorneys' fees in the amount in controversy calculation under CAFA).

J. In sum, it is more likely than not that the aggregate claims of the putative class, exclusive of interest and costs, are in excess of the $5,000,000 jurisdictional threshold set by 28 U.S.C. § 1332(d)(2).

**PROCEDURAL REQUIREMENTS UNDER REMOVAL STATUTE**

7. The procedural requirements set forth in 28 U.S.C. § 1446 also are satisfied. Subsection (a) of that statute requires the removing party to file a notice of removal "in the district court of the United States for the district and division within which such action is pending[,]" which Ford does with this filing. Subsection (a) also requires a moving party to provide a copy to the district court of "all process, pleadings, and orders served on defendant" in the state court action. Accordingly, Ford has attached copies of the process, pleadings, and orders served on it, including the Complaint, First Amended Complaint, and summonses. *See* **Exhibits A, B**. Ford also has attached copies of the other filings from the state court action that have not been served on Ford. *See* **Exhibit C**.

8. The Notice of Removal is timely under 28 U.S.C. § 1446(b). That subsection provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Here, the case stated by the initial pleading was not removable. The first paper from which it could ascertained that the case has become removable was the First Amended Complaint, which replaced the causes of action, added a new Plaintiff, and added the class claims. On January 31, 2022, the First Amended Complaint and summons were served on Ford's registered agent for service of process. The date of this Notice of Removal, March 2, 2022, is within thirty days of receipt of the Complaint by this registered agent. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

9. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiffs and filed with the Clerk of the Superior Court of the State of California, County of San Joaquin.

10. Based upon the foregoing, Ford respectfully submits: (i) that this Court has diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1453; and (ii) that the procedural requirements of 28 U.S.C. § 1446 are met. As such, this action is properly removable to federal court.

11. Ford reserves all defenses, which may be available to it.

WHEREFORE, the above described action now pending against Ford in the Superior Court of the State of California, County of San Joaquin is removed to the United States District Court for the Eastern District of California.

Dated: March 2, 2022

Respectfully submitted,

**HOGAN LOVELLS US LLP**

By: /s/Michael L. Turrill
Michael L. Turrill (SBN 185263)
Michael.turrill@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
TEL: (310) 785-4600
FAX: (310) 785-4601

Attorney for Defendant
FORD MOTOR COMPANY